Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A. (2020 NY Slip Op 01326)





Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A.


2020 NY Slip Op 01326


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-02354
 (Index No. 510467/14)

[*1]Ditmid Holdings, LLC, respondent, 
v
JPMorgan Chase Bank, National Association, etc., appellant.


McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Edward Rugino of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Stefanie Murphy-Boykins and Abraham David of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 26, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 28, 2006, nonparty Abderrahim Salaii executed a note and gave a mortgage on certain real property located in Brooklyn in exchange for a loan. The note provided for repayment of the loan in monthly installments, and the mortgage included a provision authorizing the lender to accelerate the full amount due upon the borrower's default in payment and notice by the lender. On January 15, 2008, the mortgage was assigned to nonparty Washington Mutual Bank (hereinafter WAMU), which commenced an action to foreclose the mortgage on or about February 20, 2008 (hereinafter the WAMU foreclosure action). The complaint alleged that Salaii had defaulted in payment and stated that WAMU was electing to call due the entire amount secured by the mortgage.
While the WAMU foreclosure action was pending, the mortgage was assigned to JPMorgan Chase Bank, National Association (hereinafter JPMorgan). JPMorgan commenced a second action to foreclose the mortgage on December 8, 2009 (hereinafter the JPMorgan foreclosure action). In July 2013, Salaii conveyed the subject property to the plaintiff. In an order dated November 21, 2013, the Supreme Court directed dismissal of the complaint in the WAMU foreclosure action as abandoned pursuant to CPLR 3215(c). In an order dated December 3, 2013, the court directed dismissal of the JPMorgan foreclosure action, without prejudice, upon JPMorgan's failure to appear at a scheduled conference.
On November 6, 2014, the plaintiff commenced this action against JPMorgan pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. After issue was joined, the plaintiff moved for summary judgment on the complaint. JPMorgan opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint. In an order dated January 26, 2017, the Supreme Court granted the plaintiff's motion and denied JPMorgan's cross motion. JPMorgan appeals from so much of the order as granted the plaintiff's motion.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced (see BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376; 53 PL Realty, LLC v US Bank N.A., 153 AD3d 894, 895). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d at 1376; Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 37).
Here, in support of its motion, the plaintiff established that it was the current owner of the subject property, that an acceleration of the full amount of the subject debt occurred on or about February 20, 2008, and that, accordingly, the statute of limitations expired six years later. Thus, by establishing that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations, the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on the complaint (see BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d at 1376-1377; Defelice v Frew, 166 AD3d 725, 725-726; Milone v US Bank N.A., 164 AD3d 145, 153).
In opposition to the plaintiff's prima facie showing, JPMorgan failed to raise a triable issue of fact (see generally Alvarez v Propsect Hosp., 68 NY2d 320, 324). Contrary to JPMorgan's contention, an April 12, 2013, letter written by Salaii did not constitute an unqualified acknowledgment of the debt sufficient to reset the statute of limitations, as Salaii did not acknowledge the subject debt and only made a request for a settlement (see Bank of N.Y. Mellon v Bissessar, 172 AD3d 983, 985; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947; Hakim v Peckel Family Ltd. Partnership, 280 AD2d 645).
Also contrary to JPMorgan's contention, the reinstatement provision in section 19 of the mortgage did not prevent WAMU from validly accelerating the mortgage debt (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 39).
JPMorgan's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court