Oakdale III, LLC v Deutsche Bank Natl. Trust Co. (2020 NY Slip Op 08116)





Oakdale III, LLC v Deutsche Bank Natl. Trust Co.


2020 NY Slip Op 08116


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-03860
 (Index No. 607081/17)

[*1]Oakdale III, LLC, appellant, 
v
Deutsche Bank National Trust Company, etc., respondent, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Brian Pantaleo of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 25, 2019. The order, insofar as appealed from, upon reargument, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Deutsche Bank National Trust Company and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 7, 2006, Natalie Harris and Julian Carter (hereinafter together the mortgagors) executed a note in the principal sum of $267,120. The note was secured by a mortgage on certain residential property located in Bay Shore (hereinafter the subject property), which was owned by the mortgagors as joint tenants with right of survivorship. The mortgagors allegedly defaulted on the loan by failing to make the monthly installment payment due on January 1, 2009, or any payments thereafter.
On December 7, 2009, Onewest Bank FSB (hereinafter Onewest) commenced an action (hereinafter the foreclosure action) against the mortgagors, among others, to foreclose the subject mortgage. Subsequently, on April 2, 2013, Harris filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code (11 USC § 701 et seq.). She was granted a discharge in bankruptcy on July 10, 2013. On May 3, 2014, Carter died.
In December 2015, Harris moved pursuant to CPLR 3215(c) to dismiss the foreclosure action insofar as asserted against her as abandoned. Thereafter, by deed dated January 13, 2016, Harris transferred the subject property to the plaintiff, Oakdale III, LLC (hereinafter Oakdale).
Separate letters, dated February 12, 2016, addressed individually to each mortgagor, sent on behalf of the loan servicer, advised that the "lender hereby revokes its prior election to [*2]accelerate all sums due and owing under the aforementioned loan documents" and that the "[l]ender hereby revokes any and all prior acts of acceleration, including but not limited to [the commencement of the foreclosure action]." By notice of cross motion dated February 25, 2016, Onewest cross-moved to discontinue the foreclosure action and cancel the lis pendens filed against the subject property, asserting that the loan had been de-accelerated. By order dated April 13, 2016, the Supreme Court granted Harris's motion to dismiss the foreclosure action as abandoned and denied Onewest's cross motion to discontinue that action as moot.
On April 14, 2017, Oakdale commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage against, among others, the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank), to which the mortgage had been assigned in October 2015. After issue was joined, in April 2018, Oakdale moved, inter alia, for summary judgment on the complaint insofar as asserted against Deutsche Bank. Deutsche Bank cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated July 23, 2018, the Supreme Court denied Oakdale's motion, with leave to renew on the issue of whether the mortgage debt had been de-accelerated, and denied Deutsche Bank's cross motion.
Thereafter, Oakdale moved, among other things, for leave to reargue, or, in the alternative, to renew its motion for summary judgment on the complaint insofar as asserted against Deutsche Bank, and Deutsche Bank cross-moved, in effect, for leave to reargue its cross motion for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 25, 2019, the Supreme Court, upon reargument, denied Oakdale's motion, inter alia, for summary judgment on the complaint insofar as asserted against Deutsche Bank and granted Deutsche Bank's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Oakdale appeals. We affirm.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see RPAPL 1501[4]; Mejias v Wells Fargo N.A., 186 AD3d 472; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986; Halfon v U.S. Bank, N.A., 169 AD3d 653, 654). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030). The filing of a petition for protection under the Bankruptcy Code "operates as a stay . . . of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor" (11 USC § 362[a][1]; see Lubonty v U.S. Bank N.A., 34 NY3d 250, 255). Where an action has been automatically stayed due to the filing of a bankruptcy petition, the duration of the stay extends the time period within which a foreclosure action must be commenced or re-commenced (see CPLR 204[a]; Lubonty v U.S. Bank N.A., 34 NY3d at 256-258).
Here, Oakdale failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against Deutsche Bank. Although Oakdale submitted evidence showing that the mortgage debt was accelerated when Onewest commenced the foreclosure action on December 7, 2009, it did not establish that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations. Harris's bankruptcy filing on April 2, 2013, tolled the statute of limitations for 100 days until the bankruptcy petition was discharged (see CPLR 204[a]; Lubonty v U.S. Bank N.A., 34 NY3d at 261; Deutsche [*3]Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268). Therefore, the statute of limitations period was extended until March 16, 2016.
The evidence demonstrated that, prior to March 16, 2016, letters were sent to Harris and Carter stating that the acceleration of the debt had been revoked and a cross motion to discontinue the foreclosure action and to cancel the notice of pendency had been made. Oakdale's contention that the de-acceleration was pretextual, as a matter of law, is without merit.
As our dissenting colleague agrees, the bankruptcy discharge extinguished Harris's personal liability with respect to the mortgage debt under the note (see 11 USC § 524[a][1], [2]). That leaves Deutsche Bank with the ability to proceed with an action in rem to enforce its equitable right to payment on the subject debt, to the extent possible, through the proceeds of the sale of the mortgaged property (see Citimortgage, Inc. v Chouen, 154 AD3d 914, 915; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 62-63). Since, at the time the de-acceleration letter was sent, Harris's personal liability for the mortgage had been "released" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 62), contrary to the conclusory contention of Oakdale and our colleague in the dissent that Deutsche Bank's efforts to de-accelerate the debt were pretextual due to Deutsche Bank's failure to give Harris the opportunity to make installment payments towards the mortgage, inclusion of such a demand that Harris resume making monthly payments on the mortgage would have been legally untenable and pointless.
Our case law is clear that the discharge of the obligation under the note does not place the lender in a position of being without a remedy (see Citimortgage, Inc. v Chouen, 154 AD3d at 915; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 62-63). The sole remedy available to Deutsche Bank allows foreclosure and sale of the liened property, at which point there can be no deficiency judgment. De-acceleration could not have been prejudicial to Harris or Oakdale inasmuch as Harris no longer owned the subject property at the time of Oakdale's motion and Oakdale could not have been prejudiced since Oakdale had notice of the mortgage and the notice of pendency was of record when Oakdale took title. Finally, the fact that the Harris offered a quitclaim deed in lieu of foreclosure is of no moment. The rejection of a settlement offer—albeit seemingly unwise—does not bar a litigant's right to pursue its remedies as it sees fit.
Moreover, based on that same evidence, on its cross motion for summary judgment dismissing the complaint insofar as asserted against it, Deutsche Bank established its prima facie entitlement to judgment as a matter of law since the evidence demonstrated that the mortgage debt had effectively been de-accelerated and that, therefore, a new foreclosure action would not be time-barred (see generally Milone v U.S. Bank, N.A., 164 AD3d 145, 154; cf. Christiana Trust v Barua, 184 AD3d 140, 146-147). In opposition, Oakdale failed to raise a triable issue of fact.
Oakdale's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny that branch of Oakdale's motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank and to grant Deutsche Bank's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
AUSTIN, J.P., MALTESE and CONNOLLY, JJ., concur.
BRATHWAITE NELSON, J., dissents, and votes to reverse the order insofar as appealed from, on the law, to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Deutsche Bank National Trust Company, and to deny that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and with the following memorandum:
On February 7, 2006, nonparties Natalie Harris and Julian Carter borrowed $267,120 from nonparty IndyMac Bank, FSB. The promise to repay the loan was set forth in a promissory [*4]note, which provided that the loan would be repaid in monthly installments over the course of 30 years, with each installment payment becoming due on the first day of the month. The note included a provision which, upon a default in payment, allowed the note holder to accelerate the maturity date of the full debt amount and demand immediate and full payment of any unpaid principal and interest owing under the terms of the note. The obligation to repay the loan was secured by a mortgage on certain real property in Bay Shore. The mortgage provided that if the borrower defaulted under the terms of the note, the lender could commence an action to foreclose and sell the property in order to recover the sums due and owing under the note.
On December 7, 2009, nonparty Onewest Bank FSB, which then held the subject note, commenced an action to foreclose the mortgage, alleging a default in payment on January 1, 2009 (hereinafter the foreclosure action). Onewest elected to accelerate the maturity date of the remaining payments under the note and to call due the entire amount then owing, which included $267,118.57 in principal, so that it could foreclose upon the total amount owed under the note.
Four years later, while the foreclosure action remained pending, Harris filed for bankruptcy and was granted a discharge with respect to the subject debt. Carter subsequently died. In May 2014, Harris wrote to the servicer of the subject loan, indicating that she previously believed that she had relinquished ownership of the subject property in the bankruptcy proceeding, but that she had discovered that she was still on the deed and obligated to pay, among other bills, the property taxes. Her letter indicated that a representative of the loan servicer had instructed her to sign a quitclaim deed, and she indicated that a quitclaim deed was attached thereto. For reasons not evident on this record, the bank did not take title to the property and title remained with Harris.
In about October 2015, the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank) came into possession of the subject note. In December 2015, it made an appearance as plaintiff in the foreclosure action. By deed dated January 13, 2016, Harris and Carter's interest in the subject property was transferred to Oakdale III, LLC (hereinafter Oakdale). In separate letters addressed to Harris and Carter, dated February 12, 2016, the "lender" purported to revoke the prior acceleration of all sums due and owing under the loan. By order dated April 13, 2016, the Supreme Court directed dismissal of the foreclosure action as abandoned pursuant to CPLR 3215(c).
In April 2017, Oakdale commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage on the ground that the statute of limitations had run. Oakdale moved, inter alia, for summary judgment on the complaint insofar as asserted against Deutsche Bank, arguing that the statute of limitations on an action to foreclose the mortgage began to run at the latest on December 7, 2009, when OneWest accelerated the maturity date of the loan, more than six years had passed, the foreclosure action was dismissed, no new action had been commenced, and at no point in time had Deutsche Bank gained possession of the property. Deutsche Bank cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and opposed Oakdale's motion, arguing, inter alia, that a foreclosure action would not be time-barred because the prior election to accelerate the loan had been revoked. In an order dated July 23, 2018, the Supreme Court denied the motion and the cross motion, with leave to renew on the issue of whether the loan was "decelerated." The court rejected Deutsche Bank's other arguments, but found a triable issue of fact as to whether the lender revoked the prior acceleration of the loan.
Upon reargument by Oakdale and Deutsche Bank, in an order dated March 25, 2019, the Supreme Court determined that the loan was "decelerated" around the time that the first foreclosure action was dismissed, and, therefore an action to foreclose the mortgage would not be untimely. Accordingly, the court granted Deutsche Bank's cross motion for summary judgment dismissing the complaint insofar as asserted against it and denied Oakdale's motion. Oakdale appeals.
The Supreme Court erred in determinating that the lender had successfully revoked its prior acceleration of the maturity date of the payments due under the note. "As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the [*5]six-year period immediately preceding the commencement of the action" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see CPLR 213[4]). Where, as here, the promissory note calls for payment in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Where, as here, the lender elects to exercise its contractual right to accelerate the maturity date of the full debt amount, and the full debt is accelerated, "the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Upon acceleration of the full loan amount, "the borrowers' right and obligation to make monthly installments cease[s] and all sums [become] immediately due and payable" (Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 894).
This Court has recognized that a lender may revoke its election to accelerate all sums due under a note provided that there is no change in the borrower's position in reliance thereon (see id. at 894), and that "the revocation is accomplished by an affirmative act occurring within six years of the earlier acceleration"—i.e., before the statute of limitations has run on the previously accelerated amount (Christiana Trust v Barua, 184 AD3d 140, 145). By revoking the prior acceleration of the full debt, the lender reverts the parties to their status under the terms of the promissory note. "A de-acceleration of the full debt revives the borrower's right to make the monthly payments that became due between the time the loan was accelerated and the time the acceleration was revoked, together with the right to make future monthly installment payments" (id. at 148). "Courts must, of course, be mindful of the circumstance where a bank may issue a de-acceleration letter as a pretext to avoid the onerous effect of an approaching statute of limitations and to defeat the property owner's right pursuant to RPAPL 1501 to cancel and discharge a mortgage and note" (Milone v US Bank N.A., 164 AD3d 145, 154).
Here, in the February 12, 2016 letter to Harris, the lender acknowledged that it had previously exercised its election to accelerate all sums due and owing under the note following the January 1, 2009 default in payment, and that a foreclosure action was commenced on December 7, 2009, to collect on the full debt amount. The letter stated, summarily, that the lender was thereby revoking that prior acceleration. It did not demand any payment from the borrower or otherwise seek to reinstatement installment payments under the note (see id. at 154).
Three years prior to the issuance of the revocation letter, Harris had obtained a bankruptcy discharge which extinguished her personal obligation on the note (see 11 USC § 524[a][1]; Johnson v Home State Bank, 501 US 78, 83). Deutsche Bank, in fact, acknowledges that in the face of the bankruptcy discharge, it could not lawfully have demanded payments on the loan from Harris (see 11 USC § 524[a][2]), and that it was simply trying to protect its right to foreclose the mortgage. It is noted that whatever implications Carter's death may have had, the parties have narrowed the issue in this case to be the impact of Harris's bankruptcy and the revocation letter. Under these circumstances, the lender could not have revoked the prior acceleration of the maturity date of the payments due under the note. Harris's personal obligation for the full debt amount had been discharged in bankruptcy and installment payments under the note could not be reinstated. The letter purporting to revoke the prior acceleration of the maturity date of the payments under the note plainly was a mere pretext to avoid the onerous effect of the statute of limitations (see Milone v US Bank N.A., 164 AD3d at 154).
Harris's bankruptcy discharge extinguished her personal obligation to make payments on the note, but "[the] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (Johnson v Home State Bank, 501 US at 83; see Dewsnup v Timm, 502 US 410, 418). Following a bankruptcy discharge, the lien holder may commence an action to foreclose the mortgage in order to recover in rem what was owed on the note (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 63). I, therefore, agree with the majority that the discharge in bankruptcy did not leave the lender without a remedy. A foreclosure action, however, remains subject to a six-year statute of limitations (see CPLR 213[4]). A prior holder of the subject note elected to call due the full loan amount on December 7, 2009. At that time, the lender could have sought full payment from the debtor personally, or could have commenced an action in rem to foreclose on the mortgage. As the majority acknowledges, once the debt subsequently was discharged in bankruptcy, the [*6]lender's remedy to commence an action against the debtor in personam was extinguished (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 63).
Notwithstanding the above, the majority concludes that one month prior to the expiration of the statute of limitations, the lender successfully stopped the running of the statute of limitations by revoking the prior acceleration of the maturity date of the payments due under the note. This was not possible under the established case law of this Court. "The note represents the primary personal obligation of the mortgagor, and the mortgage is merely the security for such obligation" (Copp v Sands Point Mar., Inc., 17 NY2d 291, 293). As detailed above, a successful revocation of a prior election to accelerate the maturity date of the payments due on the note would revert the parties to their status under the terms of the promissory note. Harris's obligation to make payments on the note, however, was extinguished with the bankruptcy discharge, and, thus, the prior election to call due the entire principal on the loan could not be undone, as Harris no longer had any personal obligation under the note, and monthly installment payments could not be made due again. Since the lender could not demand monthly payments under the note, the only purpose in purportedly revoking the prior acceleration of the maturity date of payments under the note was to avoid the expiration of the statute of limitations. And, Deutsche Bank admits that this was its purpose, stating that it revoked the prior acceleration of the maturity date of the loan in order to preserve its right to foreclose the mortgage. The majority, nonetheless, concludes that the revocation letter issued here successfully stopped the statute of limitations from expiring. This conclusion is contrary to the established caselaw of this Court that a bank cannot issue a "de-acceleration letter" merely as a pretext to avoid the expiration of the statute of limitations (see Christiana Trust v Barua, 184 AD3d at 146; Milone v US Bank N.A., 164 AD3d at 154). I, therefore, cannot join the majority in finding that a foreclosure action would not have been time-barred under these circumstances.
In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank, Oakdale established, prima facie, that the statute of limitations on the entire note had begun to run on December 7, 2009, the prior foreclosure action was dismissed, and no new foreclosure action was commenced before the six years had passed, even accounting for the bankruptcy stay (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). In opposition to the motion and in support of its cross motion for summary judgment dismissing the complaint insofar as asserted against it, Deutsche Bank failed to establish, prima facie, that the statute of limitations had not run, or to otherwise raise a triable issue of fact with respect thereto. Accordingly, the order appealed from should be reversed insofar as appealed from, the subject branch of Oakdale's motion granted, and Deutsch Bank's cross motion denied.
ENTER:
Aprilanne Agostino
Clerk of the Court