US Bank N.A. v Szoffer (2021 NY Slip Op 04508)





US Bank N.A. v Szoffer


2021 NY Slip Op 04508


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-00275
 (Index No. 34183/16)

[*1]US Bank National Association, etc., appellant,
v
Leah Szoffer, et al., respondents, et al., defendants.


Goodwin Procter LLP, New York, NY (Leah Edmunds of counsel), for appellant.
Allen A. Kolber, Suffern, NY (David Lapa of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated December 4, 2017. The order, in effect, granted the motion of the defendants Leah Szoffer and Mordechai Szoffer pursuant to 3211(a) to dismiss the complaint insofar as asserted against them and for summary judgment on their counterclaims to cancel and discharge of record the subject mortgage and for an award of attorneys' fees, and denied the cross motion of the plaintiff for summary judgment dismissing those defendants' third affirmative defense and first, second, and third counterclaims.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendants Leah Szoffer and Mordechai Szoffer pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and for summary judgment on their counterclaims to cancel and discharge of record the subject mortgage and for an award of attorneys' fees is denied, and the cross motion of the plaintiff for summary judgment dismissing those defendants' third affirmative defense and first, second, and third counterclaims is granted.
In 2006, the defendant Leah Szoffer executed a note promising to repay a loan in the sum of $400,000, which was secured by a mortgage on real property, executed by her and the defendant Mordechai Szoffer (hereinafter together the defendants). In 2009, the plaintiff commenced an action to foreclose the mortgage, which was voluntarily discontinued by stipulation of the parties. The plaintiff commenced two other foreclosure actions in 2011, which were also discontinued by stipulation. In 2016, the plaintiff commenced the instant action to foreclose the mortgage, seeking to recover payments that became due in 2010 and thereafter. The defendants answered, asserting, as their third affirmative defense, that the action was time-barred. The defendants also asserted, inter alia, counterclaims seeking to cancel and discharge of record the mortgage due to the expiration of the statute of limitations, and for an award of attorneys' fees.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, inter alia, as time-barred and for summary judgment on their counterclaims to cancel and discharge of record the mortgage and for an award of attorneys' fees. The plaintiff cross-moved for summary judgment dismissing the defendants' third affirmative defense and the first, second, and third counterclaims. By order dated December 4, 2017, the Supreme Court, in [*2]effect, granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendants' third affirmative defense and first, second, and third counterclaims. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). "[W]here the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, although the mortgage debt was accelerated by the commencement of the 2009 foreclosure action, the plaintiff demonstrated, prima facie, that the 2009 foreclosure action was voluntarily discontinued, such that the acceleration of the debt was revoked (see id. at 32). The plaintiff therefore demonstrated, prima facie, that the present action is not time-barred (see id.).
In opposition, the defendants failed to raise a triable issue of fact. Although the defendants averred that, after the 2009 foreclosure action was discontinued, they called the lender to request a repayment plan and were told that no payments would be accepted because the loan was still in foreclosure status, pursuant to Freedom Mtge. Corp. v Engel, only an "express, contemporaneous" statement of the noteholder will defeat a revocation of acceleration effected by discontinuance of a prior action (37 NY3d at 32). Since the defendants have not asserted that any such express, contemporaneous statement was made at the time of the discontinuance, pursuant to Freedom Mtge. Corp. v Engel, the discontinuance necessarily effected a revocation of the acceleration of the debt as a matter of law (see id.). Thus, this action was not time-barred.
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have granted the plaintiff's cross motion for summary judgment dismissing the defendants' third affirmative defense and first, second, and third counterclaims. Concomitantly, the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and for summary judgment on their counterclaims to cancel and discharge of record the mortgage and for an award of attorneys' fees should have been denied.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court