Wilmington Sav. Fund Socy., FSB v Heampstead Prop. Ventures II, LLC (2022 NY Slip Op 03142)





Wilmington Sav. Fund Socy., FSB v Heampstead Prop. Ventures II, LLC


2022 NY Slip Op 03142


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2019-13632
 (Index No. 606272/19)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
Heampstead Property Ventures II, LLC, respondent, et al., defendants.


Friedman Vartolo LLP, New York, NY (Zachary Gold and Oran Schwager of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered November 25, 2019. The order, insofar as appealed from, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
On June 6, 2007, the defendant Derek Johnson executed a note in the amount of $320,000. The note was secured by a mortgage on real property in Hempstead. On December 11, 2007, Countrywide Home Loans, Inc. (hereinafter Countrywide), the plaintiff's predecessor in interest, commenced an action to foreclose the mortgage against Johnson, among others, and, in the complaint, elected to accelerate the mortgage debt. By order dated June 10, 2013, the Supreme Court granted Countrywide's motion, inter alia, to voluntarily discontinue the action.
On May 7, 2019, the plaintiff commenced this action to foreclose the mortgage against the defendant Heampstead Property Ventures II, LLC (hereinafter Heampstead Property Ventures), among others. Heampstead Property Ventures interposed an answer in which it asserted, among other things, an affirmative defense that the action was time-barred and a counterclaim to cancel and discharge of record the mortgage. On September 13, 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Heampstead Property Ventures, to strike its answer and counterclaim, and for an order of reference. By order entered November 25, 2019, the Supreme Court, among other things, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint as time-barred. The plaintiff appeals.
Mortgage foreclosure actions are governed by a six-year statute of limitations (see CPLR 213[4]; Capital One, N.A. v Ludden, 192 AD3d 752, 752). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Capital One, N.A. v Ludden, 192 AD3d at 752-753 [internal quotation marks omitted]; see Citimortgage, Inc. v Ford, 186 AD3d [*2]1609, 1609).
Here, the Supreme Court should not have, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint as time-barred because the voluntary discontinuance of the prior action revoked the acceleration of the debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 31). Since the prior action was voluntarily discontinued less than six years after the initial acceleration, the statute of limitations had not run on the entire debt when the instant action was commenced (see id. at 34; US Bank N.A. v Szoffer, 196 AD3d 666, 667-668). Therefore, the court's award of summary judgment to the defendants dismissing the complaint as time-barred was made in error.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court