Knox v Countrywide Home Loans, Inc. (2022 NY Slip Op 03107)





Knox v Countrywide Home Loans, Inc.


2022 NY Slip Op 03107


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14126
2018-14127
 (Index No. 613/18)

[*1]Diana A. Knox, et al., appellants, 
v
Countrywide Home Loans, Inc., etc., et al., respondents.


Diana A. Knox and Philip L. Knox, Jr., Sea Cliff, NY, appellants pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Anne Carrasco of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered September 11, 2018, (2) an order of the same court entered October 5, 2018. The order entered September 11, 2018, insofar as appealed from, denied the plaintiffs' motion, in effect, for summary judgment dismissing the defendants' counterclaim alleging unjust enrichment, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. The order entered October 5, 2018, denied the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the order entered September 11, 2018, is modified, on the law, by deleting the provision thereof denying the plaintiffs' motion, in effect, for summary judgment dismissing the defendants' counterclaim alleging unjust enrichment, and substituting therefor a provision granting the plaintiffs' motion; as so modified, the order entered September 11, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order entered October 5, 2018, is affirmed, without costs and disbursements.
In February 2008, the plaintiffs executed a consolidation, extension, and modification agreement, combining mortgages to form a single lien against their property. The plaintiffs allegedly defaulted on the consolidated mortgage loan by failing to make their March 2010 mortgage payment. Thereafter, the defendant Bank of America, N.A. (hereinafter Bank of America), sent the plaintiffs a "notice of intent to accelerate" the consolidated mortgage if the plaintiffs did not pay the arrears as set forth in the notice by April 3, 2012 (hereinafter the 2012 notice). The plaintiffs did not pay the arrears.
In May 2018, the plaintiffs commenced this action to cancel and discharge of record the consolidated mortgage, alleging that more than six years had elapsed since Bank of America had accelerated the consolidated mortgage pursuant to the 2012 notice. The defendants answered and asserted a counterclaim in which they alleged that they had made tax and insurance payments on [*2]behalf of the plaintiffs after the plaintiffs' alleged default, and, in the event the consolidated mortgage was cancelled, the defendants were entitled to recover damages because the plaintiffs had been unjustly enriched.
Thereafter, the plaintiffs, in effect, moved for summary judgment dismissing the defendants' counterclaim alleging unjust enrichment. The defendants opposed, and cross-moved, inter alia, for summary judgment dismissing the complaint. In an order entered September 11, 2018, the Supreme Court, among other things, denied the plaintiffs' motion, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.
Prior to the Supreme Court's issuance of the September 11, 2018 order, the plaintiffs had submitted a "counter-cross motion" for summary judgment on the complaint, and opposition to the defendants' cross motion. In an order entered October 5, 2018, the court denied the plaintiffs' counter-cross motion for summary judgment on the complaint as the court had already granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint in the September 11, 2018 order. The plaintiffs appeal from both orders.
"[A] party may not recover in quantum meruit or unjust enrichment where the parties have entered into a contract that governs the subject matter" (Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607; see Caputo v Citimortgage, Inc., 165 AD3d 748, 749). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the defendants' unjust enrichment counterclaim by submitting the consolidated mortgage, which established that the counterclaim is barred by the parties' contract which governs the same subject matter. In opposition, the defendants failed to raise a triable issue of fact.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see id.; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'The law is well settled that, even
if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). A mortgage can be accelerated by the commencement of a foreclosure action, or through an unequivocal acceleration notice transmitted to the borrower (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25-27). A notice of acceleration of a debt must be clear and unequivocal, and to constitute such clear and unequivocal acceleration of a debt, the notice must demand an immediate payment of the entire outstanding loan and not refer to acceleration only as a future event (id. at 25; see U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1240).
Here, the defendants' submissions in support of that branch of their cross motion which was for summary judgment dismissing the complaint demonstrated that the loan matured in 2038 and that the defendants had not commenced a prior foreclosure action. The defendants also submitted a copy of the 2012 notice, which did not demand the entire outstanding balance on the loan, but, as the Supreme Court found, only demanded the amount due as of that date. Notably, the 2012 notice stated that if the plaintiffs were unable to pay the arrears, there were "various options that may be available . . . to prevent a foreclosure sale of [the] property" such as a repayment plan, loan modification, sale of the property, or deeding the property to the noteholder. Thus, the 2012 notice did not set forth the defendants' clear and unequivocal election to accelerate the debt, but instead, was a letter discussing acceleration as a possible future event (see Freedom Mtge. Corp. v Engel, 37 NY3d at 25-27; U.S. Bank N.A. v Greenberg, 170 AD3d at 1240). Accordingly, the defendants established, prima facie, that the consolidated mortgage had not been accelerated at the time the plaintiffs commenced this action.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the plain meaning of the word "may" as it appears in paragraph 22 of the consolidated mortgage renders that provision optional, and "[w]here, as here, the acceleration of the maturity of a mortgage debt is made optional with the holder of the note and mortgage, 'some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation'" (U.S. Bank N.A. v Vitolo, 182 AD3d 627, 628, quoting Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 835). Thus, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court