U.S. Bank N.A. v Clair (2022 NY Slip Op 04927)

U.S. Bank N.A. v Clair

2022 NY Slip Op 04927

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-14411
 (Index No. 604347/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Stephen M. Clair, Jr., etc., appellant, et al., defendants.

Ronald D. Weiss, P.C., Melville, NY (Brandon Dei of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stephen M. Clair, Jr., appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 1, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and counterclaims, and for an order of reference, and denied that branch of that defendant's cross motion which was to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 26, 2007, the defendant Stephen M. Clair, Jr., executed a note in favor of First Franklin Financial Corp., an op. sub. of MLB & T Co., FSB. The note was secured by a mortgage on real property in Kings Park.
The plaintiff commenced this action to foreclose the mortgage in March 2017, alleging that Clair had defaulted under the loan terms by failing to make the payment due on May 1, 2011. The complaint stated that the plaintiff was electing to declare the entire principal balance due. In his answer, Clair asserted several affirmative defenses, including the statute of limitations, and counterclaims.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Clair, to strike his answer and counterclaims, and for an order of reference. Clair opposed the plaintiff's motion and cross-moved, among other things, to dismiss the complaint insofar as asserted against him as time-barred. Clair submitted evidence that in July 2008, the plaintiff's predecessor in interest commenced an action to foreclose the subject mortgage, alleging that Clair defaulted on making payments on the loan on April 1, 2008, and electing to call due the entire amount secured by the mortgage (hereinafter the 2008 action). Clair also submitted evidence that, following his default in appearing, the 2008 action was discontinued by a stipulation of discontinuance. In the order appealed from, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of Clair's cross motion. Clair appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Separate causes of action accrue for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Once a mortgage debt is accelerated, however, the statute of limitations begins to [*2]run on the entire debt (see Milone v US Bank N.A., 164 AD3d 145, 151; U.S. Bank N.A. v Joseph, 159 AD3d at 970). Acceleration occurs, among other possibilities, by "the filing of a verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476). A lender's revocation of its election to accelerate the mortgage can be accomplished by an "'affirmative act'" of the noteholder within six years of the election to accelerate (Freedom Mtge. Corp. v Engel, 37 NY3d at 29, quoting NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[W]here acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d at 32).
Here, in opposing the plaintiff's motion and in support of his cross motion, Clair established, prima facie, that the mortgage debt was accelerated when the 2008 action was commenced (see Freedom Mtge. Corp. v Engel, 37 NY3d at 22; Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660, 661). However, his evidence also established that the acceleration of the debt was revoked when the 2008 action was voluntarily discontinued in November 2012 (see Freedom Mtge. Corp. v Engel, 37 NY3d at 32). Since the 2008 action was voluntarily discontinued less than six years after the initial acceleration, the statute of limitations had not run on the entire debt when the instant action was commenced (see id. at 34; Wilmington Sav. Fund Socy., FSB v Heampstead Prop. Ventures II, LLC, ____ AD3d ____, 2022 NY Slip Op 03142 [2d Dept]).
Accordingly, Clair failed to demonstrate that the instant action was time-barred.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court