MTGLQ Invs., L.P. v Kovaleva (2026 NY Slip Op 00500)

MTGLQ Invs., L.P. v Kovaleva

2026 NY Slip Op 00500

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-00791
 (Index No. 528908/22)

[*1]MTGLQ Investors, L.P., appellant,
vTatsiana Kovaleva, etc., respondent, et al., defendants.

Akerman LLP, New York, NY (Monique J. Arrington and Jordan M. Smith of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (James Tierney, Maria Garber, and Steven Amshen of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 27, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Tatsiana Kovaleva which was for summary judgment dismissing the complaint insofar as asserted against her and, in effect, granted that branch of that defendant's motion which was for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 27, 2007, the defendant Tatsiana Kovaleva (hereinafter the defendant), executed a note in the sum of $397,765 in favor of CitiMortgage, Inc. (hereinafter CitiMortgage), which was secured by a mortgage on certain residential property located in Brooklyn. On September 9, 2010, CitiMortgage commenced an action against, among others, the defendant to foreclose the mortgage (hereinafter the 2010 action). CitiMortgage elected in the complaint to call due the entire amount secured by the mortgage. On February 23, 2011, CitiMortgage filed a stipulation to discontinue the 2010 action. By assignment of mortgage dated April 24, 2012, CitiMortgage assigned the mortgage to Nationstar Mortgage, LLC (hereinafter Nationstar).
On December 4, 2013, Nationstar commenced an action against, among others, the defendant to foreclose the mortgage (hereinafter the 2013 action). In February 2019, Nationstar moved, inter alia, for leave to discontinue the 2013 action. In an order dated May 14, 2019, the Supreme Court granted Nationstar's motion.
On October 5, 2022, the plaintiff, as the alleged holder of the note and assignee of the mortgage, commenced the instant action against, among others, the defendant to foreclose the mortgage. The defendant interposed an answer in which she asserted, among other things, an affirmative defense alleging that the action was barred by the applicable statute of limitations and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff opposed the motion, arguing, among other things, that the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) did not apply retroactively and that retroactive application of FAPA would violate its due process rights, as well as the Takings and Contracts Clauses of the United States Constitution. In an order dated November 27, 2023, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her and, in effect, granted that branch of the defendant's motion which was for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Citimortgage, Inc. v Gunn, 234 AD3d 922, 923, quoting BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782; see U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "'Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage'" (Citimortgage, Inc. v Gunn, 234 AD3d at 923, quoting GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see U.S. Bank N.A. v Medianik, 223 AD3d at 938; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003).
Here, in support of her motion, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run on September 9, 2010, when CitiMortgage commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see Citimortgage, Inc. v Gunn, 234 AD3d at 923; U.S. Bank N.A. v Medianik, 223 AD3d at 938). The defendant further demonstrated that the instant action was commenced on October 5, 2022, more than six years later (see Citimortgage, Inc. v Gunn, 234 AD3d at 923; U.S. Bank N.A. v Medianik, 223 AD3d at 938).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, pursuant to CPLR 3217(e) and 203(h), both added with the enactment of FAPA, the voluntary discontinuances of the 2010 action and the 2013 action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; 203[h]; FV-1, Inc. v Palaguachi, 234 AD3d 818, 821; Maneri v Residential Funding Co., LLC, 227 AD3d 796, 798; U.S. Bank N.A. v Medianik, 223 AD3d at 938).
Further, the plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see FV-1, Inc. v Palaguachi, 234 AD3d at 822; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042-1043).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her and, in effect, granted that branch of the defendant's motion which was for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court