Wells Fargo Bank, N.A. v Bakth (2020 NY Slip Op 01382)





Wells Fargo Bank, N.A. v Bakth


2020 NY Slip Op 01382


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-05910
 (Index No. 701831/15)

[*1]Wells Fargo Bank, N.A., respondent,
v
Achwad Bakth, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Reed Smith LLP, New York, NY (Zalika T. Pierre of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Achwad Bakth appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered April 28, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Achwad Bakth and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Achwad Bakth and for an order of reference are denied.
On its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Achwad Bakth (hereinafter the defendant) and for an order of reference, the plaintiff, to establish its standing to commence this mortgage foreclosure action, submitted an affirmation of Amber A. Jurek, a lawyer with Gross Polowy, LLC (hereinafter Gross Polowy), the plaintiff's counsel. Jurek stated that she was familiar with Gross Polowy's records and record-keeping practices. Jurek stated that on January 28, 2015, Gross Polowy received the plaintiff's file, which included the original endorsed note. Gross Polowy commenced this action on the plaintiff's behalf on February 26, 2015. According to Jurek, "[o]n that date, Gross Polowy, on behalf of Plaintiff, remained in physical possession of the collateral file, including the original endorsed Note dated March 20, 2012." The plaintiff also submitted the note, which bore an undated endorsement to the plaintiff. However, Jurek did not set forth any facts based on her personal knowledge to support her statement that the note in the plaintiff's file was the original endorsed note. Further, the plaintiff failed to attach the business records upon which Jurek relied in her affirmation, and since Jurek did not state that she personally witnessed Gross Polowy receive the plaintiff's file, her statement is inadmissible hearsay (see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139; cf. Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 206-207).
The plaintiff also submitted an affidavit of April H. Hatfield, vice president of loan documentation for the plaintiff. Hatfield stated that she was familiar with the plaintiff's records and record-keeping practices. Although Hatfield attached the records upon which she relied, she did not [*2]state that the plaintiff had possession of the endorsed note at the time the action was commenced. Rather, she relied on Jurek's affidavit for that fact. Accordingly, Hatfield's affidavit was also insufficient to establish the plaintiff's standing.
Finally, the plaintiff did not attach a copy of the note to the complaint when commencing this action. Therefore, the plaintiff failed to establish, prima facie, that it had standing to commence this action, and those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied.
RIVERA, J.P., MALTESE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court