Deutsche Bank Natl. Trust Co. v Gulati (2020 NY Slip Op 06754)





Deutsche Bank Natl. Trust Co. v Gulati


2020 NY Slip Op 06754


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-09698 
2018-09909
 (Index No. 18725/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Deepak Gulati, et al., appellants, et al., defendants.


Beth E. Goldman, New York, NY (Julie Anne Howe and Daniel DuBois of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Loretta Carty of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Deepak Gulati and Geeta Gulati appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 13, 2017, and (2) a judgment of foreclosure and sale of the same court entered May 22, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Deepak Gulati and Geeta Gulati, to strike those defendants' answer, and for an order of reference. The judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Deepak Gulati and Geeta Gulati, to strike those defendants' answer, and for an order of reference are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order entered June 13, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In September 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Deepak Gulati and Geeta Gulati (hereinafter together the defendants). The defendants interposed an answer wherein they asserted the affirmative defense that the plaintiff lacked standing to commence the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the [*2]defendants' answer, and for an order of reference. In an order entered June 13, 2017, the Supreme Court granted the plaintiff's motion. On May 22, 2018, the court entered a judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendants appeal.
Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see U.S. Bank N.A. v Echevarria, 171 AD3d 979, 980; Nationstar Mtge., LLC v Medly, 168 AD3d 959). A plaintiff establishes its standing to foreclose a mortgage "by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note" (Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 556; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644-645 [internal quotation marks omitted]). "The attachment of a properly endorsed note to the complaint may be sufficient to establish, prima facie, that the plaintiff is the holder of the note at the time of commencement" (Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1155 [internal quotation marks omitted]).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing to commence the action. In support of its motion, the plaintiff relied on the affidavit of Elizabeth Gonzales, an employee of the loan servicer. Gonzales averred that the plaintiff had been in possession of the note, which was endorsed in blank, since July 1, 2007, prior to the commencement of the action. Gonzales indicated that she had personal knowledge of the assertions set forth in her affidavit based upon, inter alia, her review of various business records. However, since the plaintiff failed to attach the business records upon which Gonzales relied in her affidavit, her assertions based upon those records constituted inadmissible hearsay (see Wells Fargo Bank, N.A. v Bakth, 180 AD3d 1106, 1107; Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141). Moreover, the plaintiff did not attach a copy of the note to the complaint when commencing the action (see Wells Fargo Bank, N.A. v Bakth, 180 AD3d at 1107). Consequently, the plaintiff failed to establish, prima facie, its standing to commence the action.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court