U.S. Bank Trust, N.A. v Collis (2021 NY Slip Op 01084)





U.S. Bank Trust, N.A. v Collis


2021 NY Slip Op 01084


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-01902
 (Index No. 500220/17)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Julia Lystra Collis, etc., respondent, et al., defendants.


Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, Bradley E. Keem, and Rebecca L. Konst], of counsel), for appellant.
Alice A. Nicholson, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Julia Lystra Collis, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2006, the defendant Julia Lystra Collis (hereinafter the defendant) borrowed the sum of $850,000 from Washington Mutual Bank, FA. The loan was memorialized by an adjustable rate note and secured by a mortgage encumbering certain real property in Brooklyn. The mortgage was subsequently assigned to JPMorgan Chase Bank, National Association (hereinafter JPMorgan) which commenced a prior action against the defendant in July 2009. The mortgage was then assigned to the plaintiff.
On or about January 5, 2017, the plaintiff commenced this action against the defendant, among others, alleging that the defendant defaulted under the terms of the note and mortgage by failing to make the payment of principal and interest due April 1, 2011. The defendant interposed an answer generally denying the allegations in the complaint and asserting 16 affirmative defenses, including that the action was barred by the statute of limitations.
In October 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, to dismiss the complaint on the ground that the action was time-barred. By order dated January 2, 2019, the Supreme Court denied both the motion and the cross motion. The plaintiff appeals from so much of the order as denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; Milone v U.S. Bank N.A., 164 AD3d 145, 151). Once a mortgage debt is accelerated, however, the statute of [*2]limitations begins to run on the entire debt (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Milone v U.S. Bank N.A., 164 AD3d at 151). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632 [internal quotation marks omitted], lv granted in part 33 NY3d 1039; see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Milone v US Bank N.A., 164 AD3d at 154).
Here, contrary to the plaintiff's contention, a triable issue of fact exists as to whether this action is time-barred. The plaintiff's submission of an affidavit from its third-party default servicing officer was not sufficient to establish that JPMorgan's purported February 2015 letter revoking its acceleration of the debt in the 2009 action was actually mailed to the defendant. While the affiant averred that he had personal knowledge of his employer's standard business practices, including its acquisition of records from prior servicers, including JPMorgan, he did not attest that he personally mailed the revocation letter or was familiar with JPMorgan's mailing practices and procedures (see JP Morgan Chase Bank, N.A. v Gold, 188 AD3d 1019; U.S. Bank, N.A. v Onuogu, 188 AD3d 756). Further, although the affiant annexed a printout from the United States Postal Service website, apparently demonstrating the mailing of an unidentified item with a corresponding certified mail number, such printouts, where not certified as business records, are not admissible under the business records exception to the hearsay rule (see JPMorgan Chase Bank, N.A. v Skluth, 177 AD3d 592, 594).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
In light of our determination we need not reach the plaintiff's remaining contention.
DILLON, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court