U.S. Bank N.A. v Norway Ave., LLC (2021 NY Slip Op 01283)





U.S. Bank N.A. v Norway Ave., LLC


2021 NY Slip Op 01283


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-11821
2019-09930
 (Index No. 135155/16)

[*1]U.S. Bank National Association, etc., respondent, 
v
Norway Avenue, LLC, et al., appellants, et al., defendants.


Law Office of Nicholas M. Mocchia, P.C., Staten Island, NY, for appellants.
Reed Smith LLP, New York, NY (Brian P. Matthews and Diane A. Bettino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Norway Avenue, LLC, and Alex Gorvits appeal from (1) an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated September 11, 2017, and (2) a judgment of foreclosure and sale of the same court dated March 22, 2019. The order dated September 11, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference. The judgment of foreclosure and sale, upon the order, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On June 8, 2005, the defendant Alex Gorvits executed a note in the sum of $518,605 in favor of nonparty Argent Mortgage Company, LLC (hereinafter Argent Mortgage). The note was secured by a mortgage on residential property located in Staten Island (hereinafter the subject property). The mortgage ultimately was assigned to the plaintiff. On November 25, 2015, Gorvits transferred the subject property to the defendant Norway Avenue, LLC (hereinafter Norway Avenue).
On March 2, 2016, the plaintiff commenced this action against Norway Avenue and Gorvits (hereinafter together the defendants), among others, to foreclose the mortgage. The [*2]defendants interposed an answer in which they asserted, inter alia, various affirmative defenses, including lack of standing.
In November 2016, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion. In an order dated September 11, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The court issued a judgment of foreclosure and sale dated March 22, 2019. The defendants appeal.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Mezrahi, 169 AD3d at 953; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; U.S. Bank N.A. v Mezrahi, 169 AD3d at 953). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Wells Fargo Bank, N.A. v Harrison, 188 AD3d 1298, 1300).
Here, the plaintiff established, prima facie, its standing by annexing a copy of the note, endorsed in blank by Argent Mortgage, the original lender, to the complaint (see Bayview Loan Servicing, LLC v Leibowitz, 185 AD3d 769, 771; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). Although this specific argument is raised for the first time on appeal, it may be reached as it involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the Supreme Court (see U.S. Bank N.A. v Mezrahi, 169 AD3d at 954).
The plaintiff provided additional proof of its standing by submitting the affirmation of Amber A. Jurek, an attorney with Gross Polowy, LLC (hereinfter GP), the plaintiff's attorneys, and the affidavit of Michael Warren Dickhaut, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. Those submissions, taken together, established that Wells Fargo, on behalf of the plaintiff, sent the note to GP prior to the commencement of the action and that GP, on behalf of the plaintiff, was in possession of the note on the day the action was commenced.
The plaintiff also established, prima facie, that it sent Gorvits a notice of default prior to commencing the action, as required by paragraphs 15 and 22 of the mortgage (cf. Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court