U.S. Bank Trust, N.A. v Collis (2021 NY Slip Op 04571)





U.S. Bank Trust, N.A. v Collis


2021 NY Slip Op 04571


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-01902
 (Index No. 500220/17)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Julia Lystra Collis, etc., respondent, et al., defendants. DECISION & ORDER Motion by the appellant, in effect, for leave to renew an appeal from an order of the Supreme Court, Kings County, dated January 2, 2019, which was determined by decision and order of this Court dated February 17, 2021. Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is ORDERED that the motion is granted, and, upon renewal, the decision and order of this Court dated February 17, 2021 (U.S. Bank Trust, N.A. v Collis, 191 AD3d 922), is recalled and vacated, and the following decision and order is substituted therefor:

Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, Bradley E. Keem, and Rebecca L. Konst], of counsel), for appellant.
Alice A. Nicholson, Brooklyn, NY, for respondent.
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Julia Lystra Collis, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Julia Lystra Collis, to strike that defendant's answer, and for an order of reference are granted.
In January 2006, Julia Lystra Collis (hereinafter the defendant) borrowed the sum of $850,000 from Washington Mutual Bank, FA. The loan was memorialized by an adjustable rate note and secured by a mortgage encumbering certain real property in Brooklyn. The mortgage was subsequently assigned to JPMorgan Chase Bank, National Association (hereinafter JPMorgan), which commenced a prior action against the defendant in July 2009 (hereinafter the 2009 action). In an order dated April 14, 2015, the Supreme Court granted JPMorgan's application to discontinue the 2009 action. The mortgage was then assigned to the plaintiff.
On or about January 5, 2017, the plaintiff commenced this action against the [*2]defendant, among others, alleging that she defaulted under the terms of the note and mortgage by failing to make the payment of principal and interest due April 1, 2011. The defendant interposed an answer generally denying the allegations in the complaint and asserting 16 affirmative defenses, including that the action was barred by the statute of limitations.
In October 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, to dismiss the complaint on the ground that the action was time-barred. By order dated January 2, 2019, the Supreme Court denied both the motion and the cross motion. The plaintiff appeals from so much of the order as denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Nationstar Mtge., LLC v Gayle, 191 AD3d 1003; Everbank v Greisman, 180 AD3d 758, 759). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law. In opposition, the defendant failed to raise a triable issue of fact.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002; U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). "[W]here the maturity of the debt has been validly accelerated by [the] commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, the defendant established that the mortgage debt was accelerated when JPMorgan commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660). However, the defendant's motion papers also included the order granting JPMorgan's application to discontinue the 2009 action. The defendant's evidence that the debt was accelerated by commencement of the 2009 action, which was later discontinued voluntarily, failed to raise a triable issue of fact that this action was time-barred (see Freedom Mtge. Corp. v Engel, 37 NY3d at 19).
Contrary to the Supreme Court's determination, the plaintiff established, prima facie, that it sent the defendant a notice of default prior to commencing the action, as required by paragraphs 15 and 22 of the mortgage (see U.S. Bank N.A. v Norway Ave., LLC, 192 AD3d 722). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
In light of our determination, we need not reach the plaintiff's remaining contention.
LASALLE, P.J., DILLON, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court