Deutsche Bank Natl. Trust Co. v Goldstone (2021 NY Slip Op 04963)





Deutsche Bank Natl. Trust Co. v Goldstone


2021 NY Slip Op 04963


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-09722
 (Index No. 9488/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Robert Goldstone, appellant, et al., defendants.


Jonathan A. Stein, P.C., Cedarhurst, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Benjamin Noren, Schuyler B. Kraus, and Hailey Barthel of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert Goldstone appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 9, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered January 4, 2017, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert Goldstone, to dismiss that defendant's affirmative defenses, and for an order of reference, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage granted by the defendant Robert Goldstone (hereinafter the defendant). The complaint and the documents annexed thereto reflect that the defendant executed three separate mortgages and notes: a mortgage and note dated October 25, 2005, in the amount of $450,000; a mortgage and note dated August 21, 2006, in the amount of $252,490.15, and a consolidation, extension and modification agreement (hereinafter CEMA) and consolidated note in the amount of $700,000. The terms of the CEMA and consolidated note provide that they supersede the prior mortgage agreements and notes executed by the defendant. Annexed to the complaint were a copy of the CEMA and of the consolidated note, endorsed in blank by the party listed as the lender on the CEMA and on the consolidated note.
The defendant answered the complaint, asserting, inter alia, an affirmative defense that the plaintiff, in effect, lacked standing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss his affirmative defenses, and for an order of reference. The defendant opposed the motion. In an order entered January 4, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals from the order and judgment of foreclosure and sale that was subsequently entered.
"In an action to foreclose a mortgage, where, as here, the plaintiff's standing has been [*2]placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 868). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs, LLC v Taylor, 25 NY3d 355, 361). "The attachment of a properly endorsed note to the complaint may be sufficient to establish, prima facie, that the plaintiff is the holder of the note at the time of commencement" (Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; see Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d 999, 1000). Where, as here, a borrower executes a CEMA and consolidated note providing that the prior notes underlying the mortgage have been consolidated into a new single lien, the plaintiff may establish its standing to commence a mortgage foreclosure action by producing the CEMA and consolidated note, endorsed in blank (see Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 847; Ditech Fin. LLC v Levine, 176 AD3d 1521, 1522; Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 131-132).
Here, the plaintiff established, prima facie, its standing by annexing a copy of the CEMA and consolidated note, endorsed in blank, to the complaint. Although this argument apparently is raised for the first time on appeal, it involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the Supreme Court (see U.S. Bank v Norway Ave., LLC, 192 AD3d 722, 724).
The defendant's argument that the plaintiff was not entitled to summary judgment on the complaint insofar as asserted against him because it failed to comply with Administrative Order 431/11 is without merit. Administrative Order 431/11 is not applicable here, because this action was commenced after August 30, 2013 (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1066). The plaintiff complied with the law in effect when the action was commenced by submitting a certificate of merit pursuant to CPLR 3012-b in conjunction with the summons and complaint (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d at 1066).
Further, contrary to the defendant's contention, service of process upon the defendant on October 15, 2014, which was a Wednesday, did not violate General Business Law § 13, which prohibits malicious service of process on a Saturday upon persons who observe Saturday as a holy time (see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 693).
Accordingly, we affirm the order and judgment of foreclosure and sale.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court