U.S. Bank N.A. v DeSalvo (2022 NY Slip Op 04320)

U.S. Bank N.A. v DeSalvo

2022 NY Slip Op 04320

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-06534
 (Index No. 11773/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Valerie DeSalvo, appellant, et al., defendants.

Steven Rabitz, Brooklyn, NY, for appellant.
Woods Oviatt Gilman, LLP, Rochester, NY (Michael T. Jablonski of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Valerie DeSalvo appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 1, 2019. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, or, in the alternative to compel the production of certain documents, including the original consolidated note.
ORDERED that the order is affirmed, with costs.
In June 2013, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Valerie DeSalvo (hereinafter the defendant). The plaintiff alleged, inter alia, that the defendant defaulted on certain payments she was required to make pursuant to a consolidated note that she had entered into in January 2007, which superseded prior notes. In her answer, the defendant asserted, among other things, that the plaintiff did not have standing on the ground that the consolidated note lacked a proper endorsement to the plaintiff.
As is relevant to this appeal, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the plaintiff failed to establish that it complied with RPAPL 1304, and failed to comply with discovery because the plaintiff did not produce for inspection, inter alia, the original consolidated note and the original notes that preceded the consolidated note to establish standing. In the alternative, the defendant sought to compel production of those documents (see CPLR 3124). In an order dated May 1, 2019, the Supreme Court denied the defendant's motion, determining that the plaintiff's production of an attorney-certified copy of the consolidated note obviated the need for the plaintiff to produce the original consolidated note for inspection, and the defendant failed to establish that the plaintiff did not comply with RPAPL 1304. The defendant appeals.
The defendant executed a consolidated note which superseded prior notes that she had executed (see Deutsche Bank Natl. Trust Co. v Goldstone, 197 AD3d 1148, 1149). The plaintiff's production of a copy of the consolidated note, executed by the defendant, and endorsed to the plaintiff was sufficient; the plaintiff was not required to produce the original consolidated note (see JP Morgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954; Aurora Loan Servs., LLC v Taylor, 25 [*2]NY3d 355, 362).
In order to succeed on her motion to dismiss on the ground that the plaintiff failed to comply with RPAPL 1304, the defendant was required to establish that the plaintiff did not comply with RPAPL 1304. Here, the defendant failed to meet that burden (see LNV Corp. v Allison, __ AD3d __, 2022 NY Slip Op 03716 [2d Dept]; see also Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106; Nationstar Mtge., LLC v Matles, 185 AD3d 703, 707).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court