Wells Fargo Bank, N.A. v Carrington (2023 NY Slip Op 05632)

Wells Fargo Bank, N.A. v Carrington

2023 NY Slip Op 05632

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-11687
 (Index No. 11234/09)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
William Carrington, appellant.

Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Ronald H. Park of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant William Carrington appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 21, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated April 18, 2018, inter alia, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant William Carrington, to strike that defendant's answer, affirmative defenses, and counterclaims, and for an order of reference, and upon an order of the same court dated September 4, 2018, among other things, referring the matter to a referee to compute the amount due to the plaintiff, and upon an order of the same court dated June 20, 2019, inter alia, denying that branch of that defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated September 4, 2018, and upon an order of the same court dated August 8, 2019, granting the plaintiff's cross-motion to confirm the referee's report and for a judgment of foreclosure and sale, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant William Carrington, to strike that defendant's answer, affirmative defenses, and counterclaims, other than the affirmative defenses alleging violations of the Truth in Lending Act (15 USC § 1601 et seq.), fraud, and unconscionability, and the counterclaim alleging violations of the Truth in Lending Act, and for an order of reference are denied, the orders dated April 18, 2018, and September 4, 2018, are modified accordingly, and the order dated August 8, 2019, is vacated.
In October 2005, the defendant William Carrington (hereinafter the defendant) executed a note in favor of Option One Mortgage Corporation to secure a mortgage on certain property in Brooklyn. In May 2009, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which he asserted the affirmative defense that the plaintiff lacked standing to commence the action, among others. The defendant also asserted a counterclaim alleging violations of the Truth in Lending Act (15 USC § 1601 et seq.), among others. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, affirmative defenses, and [*2]counterclaims, and for an order of reference. In an order dated April 18, 2018, the Supreme Court, inter alia, granted the plaintiff's motion. In an order dated September 4, 2018, the court, among other things, referred the matter to a referee to compute the amount due to the plaintiff.
Subsequently, in or about February 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order dated September 4, 2018, and the plaintiff cross-moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated June 20, 2019, the Supreme Court denied the defendant's motion, among other things, to vacate the order dated September 4, 2018. In an order dated August 8, 2019, the court granted the plaintiff's cross-motion to confirm the referee's report and for a judgment of foreclosure and sale. On August 21, 2019, the court issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
"Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d 999, 1000; see EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). "A plaintiff establishes its standing to foreclose a mortgage 'by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note'" (Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d at 1000, quoting Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 556; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "'The attachment of a properly endorsed note to the complaint may be sufficient to establish, prima facie, that the plaintiff is the holder of the note at the time of commencement'" (Deutsche Bank Natl. Trust Co. v Goldstone, 197 AD3d 1148, 1149, quoting Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; see Deutsche Bank Natl. Trust Co. v Gulati, 188 AD3d at 1000).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence the action. In support of its motion for summary judgment, the plaintiff relied on an affidavit from Daniel Delpesche, an employee of Ocwen Loan Servicing, LLC (hereinafter Ocwen), the loan servicer. Delpesche averred, among other things, that, based on his review of Ocwen's business records, the plaintiff had been in possession of the note since February 23, 2007, prior to the commencement of the action. However, the plaintiff failed to attach the business records upon which Delpesche relied upon in his affidavit. "Although the foundation for . . . admission of a business record [usually is] provided by the testimony of the custodian, [the author or some other witness familiar with the practices and procedures of the particular business,] 'it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 982, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see OneWest Bank, FSB v Fraiser, 210 AD3d 994, 996). "'Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay'" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982-983, quoting Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936). Since the plaintiff failed to attach the business records upon which Delpesche relied in his affidavit, his assertions based upon those records constituted inadmissible hearsay (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 869). Moreover, the copy of the note attached to the complaint at the time the action was commenced lacked an endorsement (cf. Deutsche Bank Natl. Trust Co. v Goldstone, 197 AD3d at 1149; CitiMortgage, Inc. v Chako, 181 AD3d 789). Consequently, the plaintiff failed to establish, prima facie, its standing to commence the action.
Contrary to the defendant's contention, the Supreme Court property granted those branches of the plaintiff's motion which were to strike his affirmative defenses alleging violations of the Truth in Lending Act, fraud, and unconscionability, and the counterclaim alleging violations of the Truth in Lending Act, since the defendant abandoned those affirmative defenses and that counterclaim by failing to address them in opposition to the plaintiff's motion for summary judgment (see Aurora Loan Servs., LLC v Czin, 211 AD3d 1000, 1002; Genovese v Gambino, 309 AD2d 832, 833; Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649).
The parties' remaining contentions either are without merit, are improperly raised for [*3]the first time on appeal, or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, affirmative defenses, and counterclaims, other than the affirmative defenses alleging violations of the Truth in Lending Act, fraud, and unconscionability, and the counterclaim alleging violations of the Truth in Lending Act, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court