## GS 800 6th LLC v Stafford Franchise Holdings, LLC

2024 NY Slip Op 31695(U)

May 14, 2024

Supreme Court, New York County

Docket Number: Index No. 157669/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**

*Justice*

-------------------------------------------------------------------------------X

GS 800 6TH LLC,

        Plaintiff,

      - v -

STAFFORD FRANCHISE HOLDINGS, LLC D/B/A BLO
BLOW DRY BAR, MARK STAFFORD, MARY STAFFORD

        Defendants.

-------------------------------------------------------------------------------X

| PART | 47 |
|---|---|
| INDEX NO. | 157669/2020 |
| MOTION DATE | 02/11/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, 51

were read on this motion to/for       JUDGMENT - SUMMARY     .

   In this commercial landlord-tenant action, plaintiff-landlord moves for summary judgment as against defendant Stafford Franchise Holdings LLC d/b/a Blo Blow Dry Bar, a hair salon for blow-outs (the tenant, or Blo Blow Dry Bar), on its cause of action for breach of the lease, and as against defendants Mark and Mary Stafford (the guarantors) for breach of the guaranty agreement. Defendants cross-move for partial summary judgment dismissing this action as against the guarantors.[1]

## BACKGROUND

   Plaintiff is the owner of the building located at 800 6th Ave, New York, NY 10001 (the building). By lease dated January 3, 2014, plaintiff's predecessor-in-interest leased all or part of

---

[1] Although plaintiff's motion was filed against both the tenant and the guarantors, by case management order dated January 26, 2024, the case was stayed "solely to the extent that any claim or defense relies on NYC Adm. Code § 22-1005 (the Guaranty Law), pending the First Department's final determination of the Guaranty Law's constitutionality in *513 West 26th Realty, LLC v George Billis Galleries, Inc.*, Index No 160266/2020" (NYSCEF Doc No 58). Therefore, this decision and order will not address the claims alleged against the guarantors or the guarantors' cross-motion for partial summary judgment.

**157669/2020 GS 800 6TH LLC vs. STAFFORD FRANCHISE HOLDINGS,**   **Page 1 of 7**
 **Motion No. 001**

1 of 7

the ground floor of the building (the premises) to the tenant,[2] with a ten-year lease term commencing on June 1, 2014 and expiring on May 31, 2024 (NYSCEF Doc No 15).

Plaintiff alleges that the tenant stopped making rent payments in February 2020 (NYSCEF Doc No 1). On March 19, 2020, Executive Order 202.7 was issued, mandating the closure of all hair salons, including Blo Blow Dry Bar (NYSCEF Doc No 6 ¶ 8). Unable to make continued payments, the tenant notified plaintiff by letter dated June 29, 2020 that it intended to vacate and surrender possession of the premises to plaintiff on or about July 31, 2020 (NYSCEF Doc No 17). The tenant did vacate on that date (NYSCEF Doc No 1).

Plaintiff filed a complaint, alleging that the lease and the guaranty had been breached and seeking to recover rent allegedly due through the date of vacatur ($46,595.54), rent due through the remainder of the lease term ($633,133.12), and attorneys' fees (NYSCEF Doc No 1). Defendants filed an answer with counterclaims for commercial tenant harassment and attorneys' fees, and nine affirmative defenses asserting: (1) frustration of purpose and impossibility of performance; (2) that the pandemic and related shut-downs constitutes "casualty" under the lease; (3) plaintiff failed to credit the tenant for certain payments; (4) the lease lacks an acceleration clause; (5) the action is barred as against the guarantors pursuant to the Guaranty Law; (6) the guarantors cannot be liable for rent accruing after the date of the tenant's vacatur; (7) plaintiff failed to state a cause of action; (8) the action is barred by the statute of limitations; and (9) the action is barred by the doctrines of laches, waiver, or estoppel (NYSCEF Doc No 6).

Plaintiff now moves for summary judgment on its causes of action for breach of the lease and guaranty, for dismissal of defendants' affirmative defenses and counterclaims, and for an award of attorneys' fees (NYSCEF Doc No 9). Defendants oppose plaintiff's motion on the

---

[2] Archstone Chelsea LP was the landlord in the original lease. The lease was assigned to and assumed by plaintiff in an assignment agreement dated April 10, 2019 (NYSCEF Doc No 40).

**157669/2020   GS 800 6TH LLC vs. STAFFORD FRANCHISE HOLDINGS,**
**Motion No.  001**

**Page 2 of 7**

2 of 7

grounds that the pandemic frustrated the purpose of the contract and made performance impossible, the casualty clause bars summary judgment, the lease lacks an acceleration clause, and plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (NYSCEF Doc No 35); and cross-move for summary judgment dismissing the action as against the guarantors (NYSCEF Doc No 21).

## DISCUSSION

<u>Dismissal</u>

Plaintiff is entitled to have five of defendants' nine affirmative defenses dismissed. The first and second defenses will be dismissed because in the time since this motion was filed, the case law has become clear that "the pandemic cannot serve to excuse a party's lease obligations on the grounds of frustration of purpose or impossibility" (*Fives 160th, LLC v. Zhao*, 204 AD3d 439, 440 [1st Dept 2022]), nor does the pandemic constitute a casualty as contemplated by similar lease provisions (*Gap, Inc. v 170 Broadway Retail Owner, LLC*, 195 AD3d 575, 577 [1st Dept 2021] [the casualty provision "refers to singular incidents causing physical damage to the premises and does not contemplate loss of use due to a pandemic or resulting government lockdown"]). Since defendants do not address their seventh, eighth, and ninth defenses, they will be deemed abandoned (*Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc.*, 204 AD3d 536, 538 [1st Dept 2022]). However, the third affirmative defense is supported by the bank statements from February and March of 2020 (NYSCEF Doc Nos 32-33); the fourth defense is supported by the language of the lease agreement (NYSCEF Doc No 15); and the fifth and sixth causes of action relate to the Guaranty Law. Accordingly, plaintiff's motion seeking dismissal of defendants' affirmative defenses will be granted with respect to the

**157669/2020   GS 800 6TH LLC vs. STAFFORD FRANCHISE HOLDINGS,**           **Page 3 of 7**
**Motion No.  001**

3 of 7

[* 3]

first, second, seventh, eighth, and ninth defenses; and will be denied with respect to the third, fourth, fifth, and sixth defenses.

Plaintiff also moves to dismiss defendant's counterclaims for commercial tenant harassment and attorneys' fees. Defendants abandoned these counterclaims by failing to address them in their opposing papers (*Wells Fargo Bank, N.A. v Carringto*n, 221 AD3d 746, 749 [2nd Dept 2023]). Accordingly, these counterclaims will be dismissed.

<u>Summary Judgment</u>

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Plaintiff has established its entitlement to judgment as a matter of law on the issue of the tenant's liability for breach of the lease. The lease obligates the tenant to pay monthly rent payments and additional rent on the first day of each month (NYSCEF Doc No 15, ¶ 5.01), yet

the tenant failed to do so for at least some of the months that it was still in possession of the premises (NYSCEF Doc No 1). Defendants raise an issue of fact as to when the rent payments stopped and the precise amount which remains outstanding—plaintiff claims that it has not received rent from February 2020, onward, while the tenant indicates that it paid rent, or some portion thereof, for February and March of 2020 (NYSCEF Doc Nos 32-33)—but they do not deny that rent was not paid in full up to the date of vacatur (NYSCEF Doc No 35). Accordingly, plaintiff's motion for summary judgment will be granted on the issue of the tenant's liability for rent payments through the time of vacatur and the amount due will be determined at trial.

Plaintiff further argues that pursuant to Article 21 of the lease, it is entitled to rent payments from August 1, 2020 through May 31, 2024, when the lease term ends (NYSCEF Doc No 41). Article 21 provides that, upon the tenant's default of any obligation under the lease, "Landlord shall have the right without notice or demand [] to pursue any of its rights and remedies at Law or in equity, including [terminating] the lease, in which case . . . Tenant shall pay Landlord on demand the amount of . . . any deficiency that may arise from reletting or the failure to relet the Premises" (NYSCEF Doc No 15, ¶ 21.01). Plaintiff argues that the tenant defaulted by failing to make rent payments starting in February 2020, which permitted plaintiff to pursue the remedies of Article 21 (NYSCEF Doc No 41). However, plaintiff failed to establish that the tenant's failure to pay rent constitutes an "event of default" within the meaning of Article 20, which considers the failure to pay rent an event of default only if "the failure continues for 5 days after written notice to Tenant" (NYSCEF Doc No 15, ¶ 20.01(a)). Plaintiff has not submitted any evidence of a written notice to cure, and therefore has not demonstrated that an event of default has occurred that would entitle it to pursue the remedies of Article 21, including

**157669/2020   GS 800 6TH LLC vs. STAFFORD FRANCHISE HOLDINGS,**      **Page 5 of 7**
  **Motion No.  001**

5 of 7

termination of the lease.[3] If the lease was never terminated, plaintiff would nevertheless be entitled to rent payment throughout the lease term, however, it has not made that showing on the instant motion. Accordingly, the part of plaintiff's motion for summary judgment seeking payment through May 31, 2024 will be denied.

Under the terms of the lease, the tenant may also be liable to plaintiff for attorneys' fees it incurred in bringing this action (NYSCEF Doc No 15, ¶ 28 ["If either party institutes a suit against the other for violation of or to enforce any covenant or condition of [the] Lease, the prevailing party shall be entitled to all of its costs and expenses, including, without limitation, reasonable attorneys' fees"]). However, since there remain unresolved issues, an award of attorneys' fees at this stage is premature (*Graham Ct. Owner's Corp. v Taylor*, 24 NY3d 742, 752 [2015] ["only a prevailing party, who has achieved 'the central relief sought,' is entitled to attorneys' fees"] [internal citation omitted]). Accordingly, the part of plaintiff's motion seeking an award of attorneys' fees will be denied.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the part of plaintiff's motion seeking dismissal of each of defendants' affirmative defenses is granted with respect to the first, second, seventh, eighth, and ninth defenses; and denied with respect to the third, fourth, fifth, and sixth defenses; and it is further

ORDERED that the part of plaintiff's motion seeking dismissal of each of defendants' counterclaims is granted; and it is further

---

[3] It is noted that Article 21 applies "[u]pon the occurrence of any Event of Default under this Lease, whether enumerated in Article 20 or not" (NYSCEF Doc No 15, ¶ 21.01), however, plaintiff's theory of default is based on one of those enumerated events. Therefore, it must demonstrate the occurrence of default as specified in Article 20.

**157669/2020   GS 800 6TH LLC vs. STAFFORD FRANCHISE HOLDINGS,**
  **Motion No.  001**

**Page 6 of 7**

6 of 7

ORDERED that the part of plaintiff's motion for summary judgment seeking rent payments due through the date of the tenant's vacatur is granted as against defendant Blo Blow Dry Bar, and the amount will be determined at trial; and it is further

ORDERED that the part of plaintiff's motion for summary judgment seeking rent payments due through the remainder of the lease term is denied; and it is further

ORDERED that the part of plaintiff's motion seeking an award of attorneys' fees is denied as premature.

20240514120228PG0ETZT42350BB0E484491185E93F6D0C0AB71A

| __5/14/2024__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157669/2020   GS 800 6TH LLC vs. STAFFORD FRANCHISE HOLDINGS,**
**Motion No.  001**

Page 7 of 7

7 of 7

[* 7]